IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DENNIS HOLTZ,                                    07-CV-237-BR

       Plaintiff,

                            ORDER

v.

CHEVRON STATIONS, INC.,
a Delaware corporation,

       Defendant.


RALPH F. RAYBURN
Rayburn Law Office
4905 SW Griffith Drive, Suite 105
Beaverton, OR 97005
(503) 968-5820

      Attorney for Plaintiff

DAVID G. HOSENPUD
SHARON BOLESKY
Lane Powell, PC
601 SW Second Avenue
Suite 2100
Portland, OR 97204-3158
(503) 778-2100

      Attorneys for Defendant

1 - ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Chevron
Stations, Inc.'s Motions to Strike Portions of Plaintiff's
Evidence in Support of his Motion for Summary Judgment (#45),
Defendant's Motion to Strike Portions of the Declaration of
Dennis Holtz (#53), Defendant's Motion to Exclude Expert
Testimony (#70), Plaintiff's Motion for Summary Judgment (#23),
and Defendant's Motion for Summary Judgment (#30).

This state-law employment action arises from Plaintiff
Dennis Holtz's prior employment as assistant manager of Chevron
store number 1123 in Beaverton, Oregon, from which Defendant
fired him in November 2006.  Plaintiff alleges he suffered on-
the-job injuries in January, February, and March 2005 and on
October 27, 2006.  Plaintiff subsequently filed workers'
compensation claims related to his injuries.  Plaintiff also
alleges Defendant fired him because he invoked the protection of
Oregon's workers' compensation laws.  In response, Defendant
asserts it fired Plaintiff because of his repeated failures to
comply with company policies regarding proper notice and
documentation of workplace injuries.  Plaintiff maintains,
however, he complied with company policies as he was trained to
do.

On January 11, 2007, Plaintiff filed a complaint in
Multnomah County Circuit Court and asserted three claims:

2 - ORDER

(1) workers' compensation discrimination and retaliation under
Oregon Revised Statute § 659A.040; (2) disability discrimination
under Oregon Revised Statute § 659A.122; and (3) disability
retaliation under Oregon Revised Statute § 659A.109.  On
February 20, 2007, Defendant removed the case to this Court on
the basis of diversity jurisdiction pursuant to 28 U.S.C.
§ 1441(b).  In his Memorandum of Law in Support of his Motion for
Summary Judgment, Plaintiff noted he agreed by stipulation with
Defendant to withdraw, in effect, all of his claims except for
his claim for workers' compensation discrimination and
retaliation under Oregon Revised Statute § 659A.040 for which he
seeks economic, noneconomic, and punitive damages.

Plaintiff and Defendant each filed Motions for Summary
Judgment on November 13, 2007.  Defendant also filed Motions to
Strike on November 27, 2007, and December 5, 2007, and filed its
Motion to Exclude Plaintiff's Expert Testimony on December 10,
2007.

The Court scheduled oral argument regarding the parties'
Motions for February 1, 2008.  After an exhaustive review of the
record and the Motions, however, the Court advised the parties
that oral argument was unnecessary.  The parties agreed the Court
should take the matter under advisement on the record.  Having
completed its consideration of these Motions, the Court rules as
follows:

3 - ORDER

1.    The majority of Defendant's numerous hearsay objections
are not well-taken.  Much of the material Defendant objects to is
not hearsay under Federal Rule of Evidence 801 (*i.e.*, admissions
of a party-opponent) or qualifies as an exception to the hearsay
rule under Rule 803(3)(*i.e.*, Plaintiff's state of mind).
Moreover, Defendant's objections regarding the discrepancies
between Plaintiff's deposition testimony and the Affidavits
submitted in support of his Motion for Summary Judgment are based
on differences of degree that go to the weight and credibility of
Plaintiff's testimony rather than on the fundamental
inconsistencies that require exclusion.  The Court, therefore,
**DENIES** Defendant's Motion to Strike Portions of Plaintiff's
Evidence in Support of his Motion for Summary Judgment and
Defendant's Motion to Strike Portions of the Declaration of
Dennis Holtz.  Defendant may renew its objections to this
evidence in its pretrial motions *in limine*.

2.    Defendant also objects to the proposed testimony of
Plaintiff's legal "expert," Phillip Lebenbaum.  Plaintiff offers
this testimony as an "exposition of the workings of the [Oregon
workers' compensation] statute."  The Court notes legal experts
are not generally permitted to testify as to legal standards at
issue in a case because it is for the Court to determine the law
and to instruct the jury accordingly.  The Court, therefore,
**GRANTS** Defendant's Motion to Exclude Expert Testimony subject to

4 - ORDER

consideration of the appropriate means of instructing the jury as to the applicable legal standards.  The Court also will consider any other proffers as to Mr. Lebenbaum's testimony at the pretrial conference.  The Court directs the parties to confer explicitly about the scope of any proposed testimony.  Defendant may challenge such testimony in a pretrial motion *in limine*.

3.    The Court concludes the record reflects many genuine issues of material fact exist as to, among other things, how Plaintiff was trained relative to Chevron's workplace-injury policy; when Plaintiff understood the "proper" procedure to follow; what, if any, direction Plaintiff received from his manager regarding how to report workplace injuries; and Defendant's motive in terminating Plaintiff.  Viewed in the light most favorable to Plaintiff, a reasonable juror could find Defendant's proffered reason for terminating Plaintiff was pretext to avoid a workers' compensation claim by Plaintiff.  The Court, therefore, **DENIES** the Motions for Summary Judgment filed by Plaintiff and Defendant.

With respect to Defendant's contention in its Motion for Summary Judgment that the Court should dismiss Plaintiff's claim for punitive damages, the Court concludes Defendant's reliance on *Kolstad v. American Dental Association*, 527 U.S. 526 (1999), is misplaced.  In *Kolstad*, the Court describes the standards for a claim of punitive damages under Title VII for intentional

5 - ORDER

discrimination with malice or reckless disregard for a plaintiff's protected rights under federal law. *Id.* at 529-30. Here, however, Plaintiff pursues only state-law claims. In any event, to the extent Plaintiff alleges facts sufficient to support an allegation of intentional discrimination, there is likely a jury question as to punitive damages. *See* Or. Rev. Stat. § 659A.885(3). The Court, therefore, also **DENIES** Defendant's Motion for Summary Judgment as to Plaintiff's claim for punitive damages.

In summary, the Court **DENIES** Defendant's Motion to Strike Portions of Plaintiff's Evidence in Support of his Motion for Summary Judgment (#45), **DENIES** Defendant's Motion to Strike Portions of the Declaration of Dennis Holtz (#53), and **GRANTS** Defendant's Motion to Exclude Expert Testimony (#70). The parties have leave to raise these evidentiary issues anew as part of their pretrial motions *in limine.* The Court also **DENIES** Plaintiff's Motion for Summary Judgment (#23) and Defendant's Motion for Summary Judgment (#30).

IT IS SO ORDERED.

DATED this 5th day of February, 2008.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

6 - ORDER